**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0029n.06

No. 14-3432

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jan 08, 2015
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| RANA SALMAN JABBAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

BEFORE:  SUHRHEINRICH and GRIFFIN, Circuit Judges; LEITMAN, District Judge.[*]

PER CURIAM.  Rana Salman Jabbar, a native and citizen of Iraq, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her asylum application as frivolous.  As set forth below, we deny Jabbar's petition.

In 2001, Jabbar was admitted to the United States as a permanent resident on a conditional basis based on her marriage to a United States citizen.  After her divorce and remarriage, Jabbar requested a waiver of the requirement to file a joint petition to remove the conditions on residence.  The Department of Homeland Security (DHS) denied Jabbar's request, terminated her permanent resident status, and served her with a notice to appear in removal proceedings, charging her with removability as an alien lawfully admitted for permanent residence on a conditional basis whose status has been terminated.  *See* 8 U.S.C.

---

[*] The Honorable Matthew F. Leitman, United States District Judge for the Eastern District of Michigan, sitting by designation.

§ 1227(a)(1)(D)(i). The DHS subsequently brought an additional charge against Jabbar of having procured her visa by marriage fraud. *See* 8 U.S.C. § 1227(a)(1)(G)(i). Jabbar appeared before an immigration judge (IJ), admitted the factual allegations with the exception that her first marriage was by proxy, conceded the initial charge of removability, but denied the marriage fraud charge. Jabbar filed an application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), asserting in relevant part that her father was killed in Iraq on April 20, 2006, because he was a Shiite Muslim and "supported the Americans" and that she "will be killed the same way [her] father was killed" if she returns to Iraq. (AR 1665).

After a merits hearing, the IJ denied Jabbar's application for asylum, withholding of removal, and CAT protection, denied her request for a waiver to remove the conditional basis of her permanent resident status, and ordered her removal to Iraq. The IJ found that Jabbar's asylum application was frivolous because the DHS demonstrated that her father is still alive. The IJ further found that Jabbar and her witnesses were not credible due to their inconsistent and implausible testimony.

On appeal to the BIA, Jabbar asserted that the IJ erred in denying her waiver request, in finding that her asylum application was frivolous, and in denying her application for withholding of removal. Dismissing the appeal, the BIA concluded that the IJ's finding that Jabbar filed a frivolous asylum application was supported by a preponderance of the evidence, making her ineligible for all discretionary relief, and that she had not established eligibility for withholding of removal.

Jabbar now petitions for review of the BIA's decision to uphold the IJ's finding that she filed a frivolous asylum application. Where, as here, "the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*,

557 F.3d 429, 435 (6th Cir. 2009). To the extent that the BIA adopted the IJ's reasoning, we also review the IJ's decision. *Id.*

We review a finding that an asylum application is frivolous for substantial evidence. *Sterkaj v. Gonzales*, 439 F.3d 273, 278 (6th Cir. 2006). That administrative finding of fact is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "[A]n asylum application is frivolous if any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20. A finding that an asylum application is frivolous requires: "(1) notice to the alien of the consequences of filing a frivolous application, (2) a specific finding by the IJ or the BIA that the alien knowingly filed a frivolous application, (3) sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated, and (4) an indication that the alien has been afforded sufficient opportunity to account for any discrepancies or implausible aspects of the claim." *Lazar v. Gonzales*, 500 F.3d 469, 475 (6th Cir. 2007).

Substantial evidence supports all four requirements. First, the IJ provided the required warning of the consequences of filing a frivolous asylum application. The IJ made the specific finding that Jabbar knowingly filed a frivolous asylum application in that she knew that her father is not deceased. Sufficient evidence supported the IJ's finding that Jabbar deliberately fabricated a material element of her asylum claim—the killing of her father in Iraq on April 20, 2006. The testimony and documents presented at the merits hearing showed that: (1) there was no record of her father leaving the United States or returning to Iraq during the relevant time period; (2) several vehicle transactions were conducted in her father's name in Michigan after the date of his alleged death, and the signature on title documents was similar to the signature on her father's green card; (3) the purchaser of one of the vehicles identified a picture of her father as the person who sold him the car; and (4) a car was currently registered in her father's name with

the address of the house where Jabbar and members of her family reside and was found parked outside of that house, which police officers were allowed to search except for a locked bedroom. Finally, the IJ afforded Jabbar the opportunity to account for the issues with her asylum application. At the conclusion of a day of testimony, the IJ notified Jabbar of the problems with her asylum application, specifically her claimed fear of returning to Iraq because her father was killed there, and pointed out the evidence indicating that her father is alive. The IJ informed Jabbar that she would have the opportunity at the next hearing to explain the implausible aspects of her claim as well as any inconsistencies and to present other witnesses supporting her claim that her father was killed in Iraq. Jabbar testified at the next hearing but did not present any additional witnesses.

In support of her petition for review, Jabbar asserts that she provided an adequate explanation for the inconsistencies created by the vehicle transaction records. Jabbar's brother Walid Salman Algashami testified that he conducted the vehicle transactions in his father's name using a power of attorney because he did not want to use his own name for fear of deportation, but failed to explain why he conducted other vehicle transactions in his own name. This and other inconsistencies in Algashami's testimony about the power of attorney led the IJ to find that he "is a completely unbelievable person." (AR 87-88). The BIA likewise found that Algashami's claims that he did not mean to defraud anyone and did not know that he was doing anything illegal by forging his father's name "lack believability." (AR 6). Jabbar also contends that the DHS's fraud investigators conducted an incomplete investigation and that the purchaser's identification of her father was unreliable. The record, however, does not compel a conclusion contrary to the finding that Jabbar's asylum application was frivolous.

For the foregoing reasons, we deny the petition for review.